NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA MOLINA-CARDOZA; MATEO GARCIA-MOLINA, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2514 <br><br> Agency Nos. <br> A220-912-983 <br> A208-561-635 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2025[**]
San Francisco, California

Before: CLIFTON, OWENS, and BUMATAY, Circuit Judges.

Petitioners, Sandra Molina Cardoza and her son Mateo, petition for review of

the Board of Immigration Appeals' ("BIA") decision affirming the immigration

judge's ("IJ") denial of their applications for asylum, withholding of removal, and

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). Since the BIA "conduct[ed] an independent review of the IJ's findings, we review the BIA's decision and not that of the IJ." *Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th Cir. 2011) (citation omitted). We deny the petition.

1. Substantial evidence supports the BIA's denial of asylum and withholding of removal. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481–83 (1992). To establish entitlement to asylum and withholding of removal, Petitioners must show a nexus between feared persecution and a protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

The record does not compel the conclusion that the BIA erred in determining that Petitioners failed to establish a nexus between their feared persecution and a protected ground. Petitioners first challenge the BIA's determination that they are not members of the protected groups of (1) "witnesses of crimes who testify publicly against the gangs," and (2) "individuals who take concrete steps to oppose gang activities and authority." Regarding the first group, the BIA reasonably determined that lead Petitioner was not a "witness." After her car was stolen, she didn't call the police and instead only spoke to them after they approached her. Unlike the petitioners in *Henriquez-Rivas*, 707 F.3d 1081, 1092 (9th Cir. 2013), she didn't testify in open court or otherwise publicly participate in the prosecution. Concerning the second group, Petitioner did not take steps to oppose gang activities. For

example, she paid the extortion money that the gangs demanded. Thus, the BIA reasonably found she was not a member of the second proposed group.

Petitioners also challenge the BIA's nexus finding. The BIA found that the threats Petitioners received were only because of greed and personal animus. Lead Petitioner expressly acknowledged that the main reason that gang members threatened her was because they thought she had tried to send them to prison. Retributory motives alone do not establish a nexus to a protected ground. *Cf. Rodriguez Tornes v. Garland*, 993 F.3d 743, 751 (9th Cir. 2021) (citation omitted). Further, although Petitioners assert membership in the proposed protected group "members of the Molina family" they do not meaningfully challenge the BIA's conclusion that gang members did not have an interest in them because of their family membership.

Because substantial evidence supports the lack of nexus to a protected ground, the BIA reasonably denied her asylum and withholding of removal claims.

2. Substantial evidence also supports the denial of CAT protection. To establish entitlement to CAT relief, Petitioners must show that any torture would be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (citing 8 C.F.R. § 1208.18(a)(1)). The record doesn't support the assertion that the government of

El Salvador would turn a blind eye to potential harm against Petitioners. Lead Petitioner's subjective belief that police would acquiesce is undermined by the fact that police showed up after her car was stolen and arrested the suspects—alleged members of the 18th Street Gang.

**PETITION FOR REVIEW DENIED.**

24-2514